FILED
IN CLERK'S OFFICE
US DISTRICT COURT E
★ MAR 30 2012
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CURTIS L. FREEMAN,

                Plaintiff,

- against -

1199SEIU HEALTH CARE EMPLOYEES
PENSION FUND,

                Defendant.
----------------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 6138 (BMC)(JO)

**COGAN**, District Judge.

    Plaintiff has mistakenly named his local union chapter when he meant to sue the local union's pension fund for failing to properly compute his entitlements under a defined benefit pension plan. The fund, 1199SEIU Health Care Employees Pension Fund, has appeared for the purposes of defending the action and is hereby substituted as defendant. The Pension Fund has moved for summary judgment, and the motion must be granted.

    Plaintiff claims that because he worked for various health care institutions for a cumulative period of sixteen years, he has satisfied the Pension Fund's ten year minimum service requirement, and his interest as a plan participant has vested. However, the Pension Fund has rejected his claim because its records show that only one of plaintiff's employers, New York Downtown Hospital (f/k/a Beekman Downtown Hospital), was a contributing employer to the Pension Fund, and plaintiff only worked there for seven years, nine months, and thus does not have the ten years' service required for vesting under the plan. Plaintiff does not contest that fact; rather, he contends that the combination of his New York Downtown Hospital Service and

his subsequent eight year employment at Accumed Scientific Corp. should count towards the ten years' employment required for plan benefits to vest. The Pension Fund responds that Accumed is not, and never was, a contributing employer to the plan, and that plaintiff in fact has admitted that his work for Accumed was not a "union job."

My review of the Pension Fund's determination is deferential. Plaintiff can only prevail in this Court if he shows that the Pension Fund's determination was arbitrary and capricious. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). In support of its motion, the Pension Fund has submitted the plan and the records of plaintiff's employment. These documents substantiate the Pension Fund's determination. Plaintiff, in contrast, has submitted nothing other a conclusory assertion that he thinks his non-covered work should count.

The Pension Fund's rejection of his claim was not arbitrary and capricious; indeed, it was the only determination possible on this record. The motion for summary judgment is therefore granted and the case is dismissed. The Clerk is directed to amend the caption of this case as set forth above and enter final judgment in favor of defendant.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       March 28, 2012

2